**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARABJIT KAUR,

              Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 07-74036

Agency No. A096-499-885

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2012
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

     Sarabjit Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (BIA) order dismissing her appeal from an immigration

judge's (IJ) decision denying her application for asylum, withholding of removal,

and relief under the Convention Against Torture (CAT). Because the parties are

familiar with the factual and procedural history of this case, we need not recount it

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

here. We review the legal questions de novo, and the factual findings for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Neither the IJ nor the BIA made an explicit adverse credibility finding. As a result, Kaur's testimony as to her date of arrival must be accepted as true. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137–38 (9th Cir. 2004). We have jurisdiction to review the finding that Kaur's asylum application was not filed within one year of her arrival in the United States because resolution of the question requires application of law to undisputed facts. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam). Given that Kaur's testimony was undisputed and must be accepted as true, the IJ erred in finding Kaur's application untimely. *See* 8 U.S.C. § 1158(a)(2)(B).

The IJ found, in the alternative, that even if the asylum application had been timely, he would deny the application on the merits. We cannot say that a reasonable fact finder would be compelled to conclude that Kaur's single incident of detention, during which time she was slapped, had her hair pulled, and was threatened, amounted to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–20 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 338–40 (9th Cir. 1995). Therefore, substantial evidence supports the IJ's finding that Kaur was not

2

persecuted on account of a protected ground. *See, e.g., Prasad*, 47 F.3d at 339–40. In addition, substantial evidence supports the IJ's finding that Kaur failed to establish that her fear of future persecution is objectively reasonable. *Id.* at 340.

Because Kaur failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n.5 (9th Cir. 2003).

Substantial evidence also supports the denial of CAT relief. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006).

The petition for review is **DENIED**.